T. B. GEBELIN v. W. A. HAMILTON & G. H. SCOTT.

Where a party asks damages on the ground of being deprived of the realization of expected profits, the contemplated gains and profit must be proved, to be absolute and certain.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Hamilton & Scott*, for appellants. *Cutler & Thomas*, and *George S. Lacey*, for appellee.

TALIAFERRO, J. The plaintiff, living in the Parish of St. John the Baptist, contracted to furnish the defendants, who are dealers in lumber, one hundred thousand cypress barrel staves, to be delivered on the bank of the Mississippi River, for the consideration of fourteen dollars per thousand, to be paid for when delivered. A lot of staves, less than half the number contracted for, was delivered according to the agreement. At the time the staves were received, some altercation arose about their number, and after they were removed to New Orleans by defendants, plaintiff brought this suit, averring that the number of staves received by defendants was forty-three thousand five hundred and ten, which, at the price agreed upon, after deducting one hundred and fifty dollars, advanced to the plaintiff by defendants, left a balance of four hundred and fifty-nine dollars and fourteen cents, for which he prays judgment. After trial had in the District Court, a judgment was rendered for plaintiff for the sum of four hundred and thirty-eight dollars, with legal interest from judicial demand, with privilege on the staves sequestered.

The defendants have appealed.

The defence is, that plaintiff refused and utterly failed to fulfill his contract, which required the delivery of one hundred thousand staves. They admit they received forty-two thousand, and aver that, as they were making a profit of ten dollars per thousand in the sale of the staves, they have sustained a consequent loss of five hundred and eighty dollars, from not receiving the other portion of the staves, viz: fifty-eight thousand.

They plead this sum in reconvention, and pray judgment against the plaintiff for one hundred and forty-two dollars. They show that staves were worth in New Orleans, at the time of this contract, from twenty-three to twenty-four dollars per thousand, by the retail, and that the cost of transportation from the Parish of St. John the Baptist to New Orleans, was three dollars per thousand.

To be deprived of the prospect of gain can hardly be said to be positive loss. The realization of the expected profit was to be a thing of the future; its consummation might never have taken place. The contemplated gain was contingent, and not a thing absolute and certain. A fall in the price of the article might have happened before the purchasers could have disposed of the quantity of it contracted for. Many events might have occurred to lessen their profits, and even to produce loss. Where facts are shown that leave no reasonable doubt that one of the parties to a contract has really suffered loss and injury, resulting from the failure of the other to comply with his part of the obligation, the probable profit or gain, which the injured party would have derived from the contract, would be a fair measure of the damages sustained. But where, as in the present case, no reasonable grounds are shown that a real injury has been suffered, we think that damages should not be allowed.

Upon the defendants' own showing, the plaintiff's failure to fulfill his engagement, so far from being a cause of injury or loss to them, would be an advantage; for it would enable them to pay for the staves they did receive, by estimating an imaginary loss upon those they did not receive, and to obtain from the plaintiff, besides, the sum of one hundred and forty-two dollars. Nemo debet se locupletari damno alterius.

It is shown by the evidence that Scott, one of the defendants, offered to pay for the staves that were delivered, at the time he received them, taking the number at his own count, and proposing to re-count them when he reached New Orleans, and to pay for any excess there might be over his first estimate. This proposition was, in substance, again made by him, after the staves were brought to New Orleans, and after he was informed by plaintiff of his inability to furnish the full number he had contracted for. From these and other facts appearing in the record, the interpretation given to the contract by the District Judge, seems to us to be the proper one, namely, that the staves were to be paid for as they were delivered.

It is therefore ordered, adjudged and decréed, that the judgment of the District Court be affirmed, with costs in both Courts.

HOWELL, J., recused.