No. 2798.—Charles Gallagher *v.* Pike, Lapeyre & Brother.

A party, or parties, who have contracted to sell and have sold any public security, such as a bond, may be compelled by suit to deliver the bond sold, or to pay the value thereof at the time of the sale, the vendor being first put in default.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,. J. Gibson & Austin,* for plaintiff and appellee. *Hays & New,* for defendant and appellant.

Wyly, J. The plaintiff sues the defendants for the delivery of six and one-fourth levee bonds for $1000 each, with interest coupons attached to the same, since July 1, 1868, or in default thereof for $1977 22.

He alleges that in August, 1868, he purchased from them said bonds, amounting in the aggregate to $6250, with interest bearing coupons at eight per cent., at fifty-six cents on the dollar, deliverable in ninety days, which time, by agreement was subsequently extended, that the said Pike, Lapeyre & Brother refused to deliver said bonds, notwithstanding the petitioner made a legal tender of the price on the tenth of February, 1869.

He further alleges that the value of said bonds at the time of judicial demand was eighty-six cents on the dollar.

He therefore prays for the execution of the contract, or for the difference between the value of the bonds in August, 1868, and June,. 1869, which he alleges to be $1977 22, for which he prays judgment in solido against them.

The defendants plead the general issue. They aver that they sold to plaintiff the margin on six and one-fourth levee bonds, $1000 each, at fifty-six cents on the dollar, for the period of ninety days, to begin fifth of August, 1868; that if at the end of said ninety days, the bonds, in question were selling for more than fifty-six cents on the dollar, the respondents should pay plaintiff the excess; if for less, plaintiff should. pay the respondents the deficiency.

They aver that at the end of ninety days said bonds were selling below fifty-six cents on the dollar, and that the deficiency amounted to $360, for which they pray judgment in reconvention. They specially denied that there was ever any contract to deliver the bonds; and they aver that said marginal sale was not to extend beyond ninety days.

The court gave judgment for the plaintiff as prayed for, and the defendants appeal.

F. H. Hatch, who made the transaction with Pike, Lapeyre & Brother, and who is a disinterested party, says: "On or about the fifth of August, 1868, acting as the agent of Smith & Co., and authorized by Pike, Lapeyre & Brother, I sold to Charles Gallagher twelve thousand five hundred dollars of eight per cent. levee bonds, at fifty-

six cents on the dollar, deliverable in ninety days, with eight per cent. interest; $6250 being for the account of Pike, Lapeyre & Brother, and like amount for Sam. Smith & Co. There was no margin—this was a contract to deliver the bonds, and there was no margin whatever. I held the power of attorney for Sam. Smith & Co. There was a settlement made, I think, about the tenth of February, by Sam. Smith & Co. with Gallagher. When Mr. Smith returned from the North, early in November, 1868, I turned the matter over to him. Mr. Smith assumed entire charge of this matter. I heard Mr. Smith say that he had agreed with Pike, Lapeyre & Brother to extend this time."

Sam. Smith was examined as a witness. He testified that : " I returned from the North in the month of October, 1868. On my return home Mr. Hatch informed me of this sale of bonds for account of our firm and Pike, Lapeyre & Brother, as being sold on ninety days contract at the price of fifty-six cents on the dollar. A few days previous to the expiration of the ninety days, Mr. Gallagher called on me and said that he would like to extend the time for the settlement a few days. I said we had no objection. I called on Pike, Lapeyre & Brother and stated what Mr. Gallagher said. They said they had no objection—to do for them as we would do for ourselves in the matter. I notified Mr. Gallagher of this. I think it was about the tenth of February that Mr. Gallagher called on them for the delivery of the bonds. It was about the time we settled with him. The bonds were worth on the tenth of February, the time of our settlement, about eighty-four cents. I estimated them at that. I never heard anything of the margin until after this suit was brought. It was a sale such as we had bought before for a joint account with Pike, Lapeyre & Brother and other parties. It was Mr. Lapeyre that I saw in regard to this extension. I notified Pike, Lapeyre & Brother of our settlement with Gallagher, about the tenth of February. I told them what kind of a settlement I had made with Gallagher. I submitted the proposition of Mr. Gallagher to Mr. Pike, and he said that he could not settle the matter until Mr. Lapeyre returned."

Charles Gallagher testified that in August, 1868: " I bought from F. H. Hatch one-fourth of fifty levee bonds with eight per cent. interest coupons thereon, at fifty six-cents on the dollar; the bonds were for $1000 each. I did not know Pike, Lapeyre & Brother in the transaction until Mr. Hatch disclosed them to me. These bonds were purchased by me absolutely to be delivered in ninety days from purchase. When Sam. Smith came home from the North, I went to him a little before the maturity of this contract, * * * and I told him to give me my bonds and I would close the matter up, or if he thought the bonds would improve, I would like to extend the time. He told me he had no objections to extending the time, and did not think Mr. Pike

would have; that he would go and see Mr. Pike. The next day I called with sufficient funds to pay for the bonds, and he informed me that he had seen Mr. Pike, and that Pike was perfectly willing that the time should run on. I was always ready and willing to take these bonds. * * * About the tenth of February, 1869, I made a tender of ———; this was the fifty-six cents with interest on the fifty-six cents per dollar, but in the meantime they had collected the coupons, which more than reimbursed them for the interest. * * * *

* * * * * I sent the money for the bonds to Pike, Lapeyre & Brother by J. E. Austin. They refused, and I deposited the money with Smith & Co., and notified Pike that it was subject to his order. * * * It is the only contract I made. It was for the absolute delivery of the bonds. There was no marginal sale about it."

On the other hand, the defendants rely in support of their defense, that it was a marginal sale, on the evidence of Lapeyre and Brother, two of the members of the firm of Pike, Lapeyre & Brother. The testimony of these two witnesses is not sufficient to overcome the evidence of the plaintiff, who testified, and of the disinterested witnesses, Hatch and Sam. Smith, whose testimony fully corroborates his statements.

We are satisfied that the contract of the fifth of August, 1868, was a real sale.

We are also satisfied that before the expiration of the time for the delivery of the bonds there was an extension agreed to by the parties.

Smith, a disinterested witness, swears positively to it. He says: "I called on Pike, Lapeyre & Brother, and stated what Mr. Gallagher said. *They said they had no objection—to do for them as we would do for ourselves in the matter.*"

Smith gave the extension and stated to Gallagher that Pike, Lapeyre & Brother had agreed to it. Subsequently Smith & Co. settled with Gallagher for their part of the bonds.

Our conclusion is that on the tenth of February, 1869, the defendants were put in default for the execution of the contract; and they had no just cause to refuse to execute it.

We think the court erred in estimating the value of the bonds at the time of judicial demand in June, 1869. The damages resulting from the breach of the contract must be estimated at the day the defendants were in default for the execution thereof, which was the tenth of Februry, 1869. The value of the bonds at that time is shown to be eighty-four cents on the dollar.

It is therefore ordered that the judgment appealed from be set aside, and it is now ordered that the defendants deliver to the plaintiff six and one-fourth levee bonds for $1000 each, with eight per cent. interest coupons attached thereto, since first July, 1868, as prayed for, within

ten days from the date of this judgment, on the plaintiff paying to them $3500, the price thereof; and in default of delivery of said bonds within the ten days, it is ordered that the plaintiff recover judgment against the defendants in solido, for seventeen hundred and fifty dollars, with five per cent. interest from judicial demand, said amount being the difference betwen the value of said bonds on the day of the making of the contract and the day of the breach thereof by the defendants, February 10, 1869.

It is further ordered that the defendants pay costs of the court below and the plaintiff pay costs of the appeal.

Rehearing refused.