No. 6613.

## A. D. DORIOCOURT VS. FRANÇOIS LACROIX.

Consequential damages, and damages on account of deprived prospective profits, based on the opinions of witnesses, will not be allowed. *C. C.* 2608.

The vendee may hold the vendor in damages for the latter's refusal to carry out the sale, for whatever loss the vendee has been thereby caused, and for whatever profits he has been thereby deprived of. *C. C. art.* 2589 *to* 2611.

The measure of damages for a breach of contract is the loss arising naturally out of such breach; or such as is reasonable to suppose was contemplated by the parties, when they formed the contract, as would naturally flow from its breach.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J.

*Charles F. Claiborne,* for plaintiff and appellant.

*W. O. Denégre* for defendant.

The opinion of the court was delivered by

MANNING, C. J. The plaintiff sues for damages for non-fulfillment of contract of sale of certain property in New Orleans. The defendant had permitted his property to become imperiled by the accumulation of arrears of taxes, unpaid for several years, and finally arranged with the city for a sale of several portions of it, which were duly advertised. At this sale the plaintiff bought an improved lot for three thousand two hundred dollars, complied with the terms by paying on the spot ten per centum of the bid to the auctioneer, and received the *procès verbal* of the adjudication. He then tendered the residue of the cash payment, which was by the terms of sale one-half of the bid, and demanded his title. Lacroix never gave it to him, nor offered or attempted to give it to him. Shortly afterward the same property was sold at the instance of a creditor of Lacroix, and bought by that creditor. Plaintiff then sued for two thousand dollars damages, and the return of three hundred and twenty dollars, the sum paid by him at the adjudication.

In other proceedings by rule, the notary was compelled to return this last sum, or what he had left of it, which he did after judgment to that effect, so that the demand for damages is the only question before us. The defense is that he could not make a title, because of incumbrances upon the property, or rather this defense was made under the general denial.

The first material question for consideration is the nature of the claim of plaintiff, for if the object of his demand be the recovery of remote or consequential damages, or for profits which might have been made had the contract been completed, we should reject it. Damages for supposed profits, based upon the speculative opinions of witnesses, will not be allowed. Gobet vs. Municipality, 11 An. 300 ; Minor vs. Steamer, 13 An. 564.

Unquestionably, a part of his demand is based upon the supposed loss of profits, and to sustain it much testimony is offered to show that he could shortly afterward have sold the property for an increased price, one witness declaring that five thousand dollars could have been obtained for it. Discarding this means of estimating injury alleged to have been sustained by him, we have the fact in proof that the property was actually sold a few weeks after the adjudication to the plaintiff for four

Doriocourt vs. Lacroix.

thousand dollars, and, therefore, eight hundred dollars will be the measure of his damages, if the law permits him to recover any.

Our Code declares that the adjudication completes the sale, and the purchaser becomes the owner of the property adjudged (C. C., art. 2586, new No. 2608), and that in every contract of sale there is a correlative right and obligation, for as the vendor may hold the vendee to his bid, and make him responsible for the difference in price in a second sale, so the vendee may hold the vendor to his engagement, and make him responsible in damages for losses he may sustain, or profits he may lose. C. C., art. 2589 *et seq.*, new No. 2611.

The sale was instigated by Lacroix, and he was present at the public cry of the property and its adjudication. He not only knew the incumbrances upon it, but the sale was made under an agreement, the object of which was to relieve his whole property by selling enough to lift these incumbrances. The purchaser demanded his signature to the deed, and it was for him to object to receiving the title, rather than for the vendor to refuse to execute it. If the purchaser chose to risk the defect of the title, when no material information was withheld from him by the vendor, it was not for the latter to complain, and he certainly can not make it a ground of refusal to comply with his contract to sell. Reciprocal obligations were created between these parties by the sale. The plaintiff complied with all that were assumed by him, and all that the law imposed on him by reason of his bid. The defendant did nothing, except to entice the plaintiff into assuming a contract which he made no effort to perform.

The Code declares in general terms that the damages due for a breach of a contract are the amount of the loss the vendee has sustained, or the profit of which he has been deprived (art. 1928, new No. 1934), and a recent writer on this subject (Benjamin on Sales, 665,) thus enunciates the rule as well settled, quoting the words of a leading case: "Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered, either arising naturally, *i. e.*, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in contemplation of both parties, at the time they made the contract, as the probable result of the breach of it."

We think the sum already mentioned by us the proper amount of damages in this case. We are asked to include in it twenty-four dollars, as the deficit which the notary failed to pay over under the rule, that sum having been consumed in paying costs and commissions, but we find no warrant in the record for that. The proof seems to have been omitted.

It is therefore ordered, adjudged, and decreed that the judgment of

the lower court is avoided and reversed, and that the plaintiff do now have and recover of the legal representatives of François Lacroix the sum of eight hundred dollars, with five per centum per annum interest from June 4, 1874, and costs of both courts.