ACME WHITE LEAD AND COLOR WORKS v. GULF NAVAL STORES CO., INC.

---

(December 12, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest — Sales — Par. 129; Damages—Par. 69.**
   The general rule for the measure of damages for the inexecution of a contract by Article 1934 of the Civil Code is the loss suffered or the profit of which the obligee has been deprived.

2. **Louisiana Digest — Sales — Par. 129; Damages—Par. 69, 77.**
   In a contract of sale of movables the measure of damages against the vendor who fails to deliver the things sold is ordinarily the difference between the contract price and the enhanced market price of the things at the time the vendor makes default.

3. **Louisiana Digest — Sales — Par. 129; Damages—Par. 69.**
   Where the seller does not make delivery on the day specified in the contract the buyer may on the following day buy in open market at the place of delivery and charge the seller with the amount paid by him less the contract price.

4. **Louisiana Digest — Sales — Par. 129; Damages—Par. 69, 77.**
   The buyer may even delay a reasonable time before buying elsewhere and the

seller will be liable for the difference in price paid unless he shows that the difference was greater on that time than on the day delivery should have been made under the contract, and that he has been prejudiced by the delay.

Appeal from Civil District Court. Hon. Wm. H. Byrnes, Judge.

Action by Acme White Lead and Color Works against Gulf Naval Stores Co., Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dufour, Goldberg & Kammer, J. V. Wolf, of New Orleans, attorneys for plaintiff.

Miller, Godchaux, Saal & Milling, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.    This is a suit for damages by a purchaser against a vendor for failure to deliver.

The plaintiff alleged that the defendant contracted to sell to it three tank cars of six to eight thousand gallons of turpentine, at seventy-five cents per gallon of 7.2 pounds f.o.b. seller's tank car, Detroit, one car to be shipped immediately and the other two in March and April each; that the defendant delivered two cars but failed to deliver the car due in April notwithstanding repeated demands, and admitted his unwillingness and inability so to do, unless a delay was granted; that on May 17th plaintiff wired the defendant that it would buy against defendants' account; that on May 23 plaintiff purchased eight thousand gallons of turpentine elsewhere at the market price then prevailing of eighty-nine cents per gallon, thereby sustaining a loss of fourteen cents per gallon, or eleven hundred and twenty dollars, which it claims from defendant.

The defendant admitted the contract of sale as set forth in plaintiffs' petition, admitted its inability to perform but denied all the other allegations of the petition.

There was judgment for plaintiff and defendant has appealed.

The defense is that plaintiff is entitled to recover only the increased value of turpentine on April 30th, the last day granted for the performance, and not the price paid by plaintiff on May 23rd, twenty-three days later.

The answer to this contention made by the trial judge in his written opinion meets our approval. He said in part:

"There is nothing in the record to show that the defendant suffered any injury whatever by the lapse of the twenty-three days from the 30th of April to the 23rd day of May, on which the turpentine was purchased. There is nothing in the record to show that there is a fluctuating market in turpentine. The defendant was in a position, being a furnisher or seller of turpentine, to show what the market price was on April 30th, and the presumption is, if this evidence was in its possession and the defendant failed to produce it, that this evidence would be against it. Again, the price having been established as of May 23rd, 1923, the presumption is, in the absence of any proof to the contrary, that the same price existed on April 30th. 1923."

No one disputes the rule of law that ordinarily the damages are the difference in price on the day of default. Robinson Lbr. Co. vs. W. O. & C. G. Burton, 128 La. 121, 54 So. 582; Gallagher vs. Pike, Lapeyre & Bro., 24 La. Ann. 344; Hafner Mfg. Co. vs. Lieber Lbr. & Shingle Co., 127 La. 357, 53 So. 646; Camors & Co. vs. Madden, 36 La. Ann. 425; Bonsor & Co., Inc., vs. Simon Rice Milling Co., 151 La. 1100, 92 So. 711; 35 Cyc. 629-633, 636, 639. The only question is whether the difference in price claimed by the plaintiff is different from the price for which he could

have bought on April 30th. The burden of proof was upon defendant for the reason that there is a presumption that the price was the same on April 30th that it was on May 23rd. For the further reason advanced by the trial judge that the defendant was a dealer in turpentine and presumed to have known the price on April 30th. If the price had been lower he certainly would have proved it. For the further reason that the burden of proof is upon him who has a better knowledge of the subject matter, and that if he does not testify, the presumption is that his testimony would be against him. 2 Evans Pothier, p. 113; 1 H. D., p. 495, VIII No. 2; 3 La. Dig., p. 135.

The burden of proof to show that the damages claimed could have been prevented or mitigated is on defendant. 189 Fed. 576; 38 L. R. A. 837; 1 A. L. R. 433; 24 R. C. L. 71.

In Gauthier vs. Green, 14 La. Ann. 788, the rule of damages in the contract of sale was said to be governed by Art. C. C. 1934 as the loss suffered or profit lost.

This theory was adopted in Williams vs. Bienvenue, 109 La. 1023, 34 So. 63, and Hafner vs. Lieber, 127 La. 350 (361), 53 So. 646; C. W. Robinson Lbr. Co. vs. W. O. & C. G. Burton, 128 La. 121, 54 So. 582.

In the Hafner case the court said:

"A seller of lumber for delivery within a specified time has, under C. C. 2056, until the last day of the period to fulfill the contract, and where he does not make delivery on the last day the buyer may on the following day buy in the open market at the place of delivery and charge the seller with the cost less what would have been the cost under the contract."

The plaintiffs testify that they paid the market price on May 23rd.

The defendant introduced no evidence of any kind, and showed no injury by the delay.

We are of the opinion that the judgment is correct and it is therefore affirmed.