PONDER, Justice.
 

 This suit was brought by Local No. 231 of the International Longshoremen’s Association against Luckenbach Gulf Steamship Co., Inc., and Swayne and Hoyt, Ltd., to recover damages for a purported breach of contract.
 

 In the petition it is alleged that the plaintiff is an unincorporated labor organization composed of numerous members; that, the plaintiff entered into a contract with the defendants on December 12, 1935, wherein members of the plaintiff organization were given the exclusive right to load and unload all of the defendants’ ships in the port of New Orleans; that all the disputes between the contracting parties were to be submitted to arbitration and that no stoppage of work or “lockout” would take place; that despite the agreement the defendants notified the plaintiff on January 28, 1937, that they would no longer carry out their part of the contract because of certain violations on the part of the members of the plaintiff organization; that the plaintiff has always been ready and willing to carry out its part of the .contract; that the members of the plaintiff organization have suffered a loss of approximately $20 per week per member as a result of the breach of the contract by the defendants and the organization has suffered a loss in dues because of the lockout on the part of the defendants of approximately $250 a week from Janu
 
 *655
 
 ary 27 to the present date; that this loss is a continuous one and up to the present time the plaintiff has suffered a loss of approximately $2,500 and will continue to suffer a loss from membership dues because of the failure of the defendants to carry out their contracts of approximately $300 a week, which is estimated up to the present time at approximately $2,500., The plaintiff prays for judgment against the defendants in so-lido for the sum of $2,500 and $2,500 per week for every week in which the contract is breached. The defendants interposed exceptions of vagueness and of no right or cause of action which were overruled by the trial court. The defendants in their answer set out the following defenses to the suit: (1) The damages described in the petition are not legally collectible on a breach of contract since they were not within the contemplation of the parties and are not such as would normally or directly flow from a breach; (2) The contract sued on had no fixed expiration date and was therefore terminable at the will of either party; (3) The longshoremen association on whose behalf the suit was filed was an incorporated association, and not an unincorporated association as alleged in the petition. There is no evidence that any of the plaintiffs, 'with the exception of Spencer, the president, occupied any position with the Union, and consequently the suit cannot be maintained since it was not shown to have been brought by a representative group; (4) If any cause for cancellation of the contract was necessary there was an abundance of causes for cancellation in the accumulation of stoppages of work by the Union on individual vessels, followed by a three months’ strike during November and December, 1936, and January, 1937; (5) When, in April, 1936, the I. L. A. charter of Local 231 was officially, revoked and canceled this Local was thereupon no longer in position to enforce a contract executed by the International Association for their benefit; (6) The method of calculating the amount of the damages was basically wrong. Even if the method adopted were the right one, there is no proof by competent evidence of the amount of damages.
 

 On these issues the case was tried and the lower court gave judgment rejecting the plaintiff’s demand. The plaintiff has appealed.
 

 The first question presented for our consideration is the exception of no cause of action. The allegations in the petition that the plaintiff has suffered a loss in the collection of dues from its members because of the alleged breach of contract are general in their nature and do not indicate the amount of dues to be paid by each member of the organization or the manner in which they are to be paid. The allegations do not indicate that the payment of the membership dues was in any way connected with this contract. From a reading of a copy of the contract attached to and made a part of the petition we find no mention therein of any obligation on the part of the members of the organization to pay any dues. The contract provides for the employment of members of the association by the defendants to unload their ships, the scale of wages the workmen are to be paid, the working hours, and the manner in which the work is to be done. There is no pro
 
 *657
 
 vision therein or even mention of any dues to he paid by the workmen to the plaintiff organization. Whatever right the plaintiff might have to collect dues from its members would necessarily have to flow from some other independent agreement because the contract involved herein gives no such authority. The damages due for the breach of a contract are the loss sustained and the profit deprived of, subject to the exceptions and modifications set out in Article 1934, R.C.C. Under this Article of the Civil Code the damages, in the absence, of bad faith or fraud in the case of a breach of contract, are such damages as were contemplated or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract. Fraud or bad faith is nbt alleged in the plaintiff’s petition and no facts set out therein from which such could be inferred. The alleged violation of the contract is merely a breach of faith in not complying with the contract.
 

 Counsel for the plaintiff contends that the defendants were in bad faith in breaching the contract and are liable for all resulting damages. Counsel argues that the loss of membership dues by the plaintiff are damages resulting from the breach of the contract. In support of his contention he submits the following citations: American Surety Co. v. Woods, 5 Cir., 105 F. 741; Reading v. Donovan, 6 La.Ann. 491; Gauthier v. Green, 14 La.Ann. 788; Smith v. Thielen, 17 La.Ann. 329; Williams & Co. v. Bienvenue, 109 La. 1023, 34 So. 63; New Iberia Sugar Co. v. Lagarde, 130 La. 387, 58 So. 16; Acme White Lead & Color Works v. Gulf Naval Stores Co., 7 La.App. 292; Gebelin v. Hamilton, 18 La.Ann. 646; Bartley v. New Orleans, 30 La.Ann. 264; Tidwell v. Meyer Bros., Ltd., 160 La. 778, 107 So. 571; Williams v. Barton, 13 La. 404; Doriocourt v. Lacroix, 29 La.Ann. 286; Beck v. Fleitas, 37 La.Ann. 492.
 

 From a reading of the authorities cited it will be seen that they are all grounded on Article 1934, R.C.C., which is to the effect that the measure of damages for the breach of a contract is the loss sustained and the profit deprived of subject to exceptions and modifications.
 

 Subsection 1 of this Article of the Civil Code provides the rule that the measure of damages, in the absence of fraud or bad faith, is only such damages as were contemplated or that may reasonably be supposed to have entered in the contemplation of the parties at the time of the contract. Subsection 2 provides that where the in-execution of the contract has proceeded from fraud or bad faith the debtor is liable for such damages that were or might have been foreseen as well as such as are the immediate or direct consequences of the breach of the contract, but even when there is fraud the damages cannot exceed this. The bad faith mentioned in these rules is defined in Subsection 1 as being a designed breach of the contract from some motive of interest or ill will. The mere breach of faith in- not complying with the contract is not the bad faith referred to in these rules.
 

 If we were to concede for the purpose of this decision that the defendants were in bad faith in breaching the contract they
 
 *659
 
 would only be liable for such damages as are the immediate and direct consequences of the breach of the contract. Cusachs & Co. et al. v. Sewerage & Water Board of New Orleans et al., 116 La. 510, 40 So. 855.
 

 In the case of Ferguson v. Britt, 191 La. 371, 185 So. 287, this court stated in effect that in considering a claim for damages for the breach of a contract that we can only rest our judgment on the basis of certainty and not on the basis of mere conjecture and speculation.
 

 In the case of Doriocourt v. Lacroix, 29 La.Ann. 286, it is stated: “The first material question for consideration is the nature of the claim of plaintiff, for if the object of his demand be the recovery of remote or consequential damages, or for profits which might have been made had the contract been completed, we should reject it. Damages for supposed profits, based upon the speculative opinions of witnesses, will not be allowed.”
 

 Remote and uncertain damages are not recoverable even though the contract was breached through bad faith because they cannot be attributable with any degree of certainty to the breach or whether they are connected with other causes. The payment of the membership dues is dependent on a separate and independent agreement between the plaintiff and its members. The damages claimed are too remote and would have to be based on the speculative opinion of witnesses.
 

 The exception should be sustained. Having arrived at this conclusion it is unnecessary to consider the merits of this cause. Flowever if the merits were considered the result of our finding herein would not be changed.
 

 For the reasons assigned the ruling of, the trial court overruling the exception ol no cause of action is set aside and the exception is sustained. As amended the judgment is affirmed at appellant’s cost.
 

 O’NIELL, C. J., and LAND, J., absent.