This is a suit by Wiley Mossy doing business as Mossy Motors, a dealer in automobiles, brought against Miss Bessie McRedmond, in which he seeks to recover $383.58, as damages alleged to be due because of the breach of a contract of sale of an Oldsmobile. Miss McRedmond, in her answer, admits that she agreed to buy the automobile from plaintiff and failed to do so. She denies, however, the right of plaintiff to recover upon the ground that the damages sued for consist of anticipated profits which are contingent, uncertain and speculative and not such as to form the basis of a judgment. There is another defense mentioned in the answer which involves a charge of fraud and bad faith and is based upon the averment that the price of the automobile was "packed", by which is meant that a charge was made in excess of the customary selling price.
There was judgment below in favor of plaintiff in the sum of $144.65 and defendant has appealed. Plaintiff has answered the appeal seeking to have the judgment increased to the amount prayed for.
It appears that there are, or were, at least two selling agencies of the manufacturer of the Oldsmobile car in the City of New Orleans, the Pontchartrain Motor Company and the plaintiff, Wiley Mossy. Miss McRedmond was in the market for a new Oldsmobile. The two agencies bid against each other in an effort to effect the sale. The Pontchartrain Motor Company first offered to sell Miss McRedmond a new Oldsmobile for $1,397.25, and allow her $550 on her old Chevrolet car in trade. She agreed to do business on this basis, but shortly, thereafter, in some way which does not clearly appear from the record, she began to negotiate with Mossy. He offered to sell her the same kind of Oldsmobile, similarly equipped, for $1,405, and to give her $600 for her Chevrolet. The balance of the purchase price of the Oldsmobile was, in each instance, to be represented by a note secured by chattel mortgage. Miss McRedmond, for the second time, agreed to buy an Oldsmobile, this time from Mossy. Mossy, in response to Miss McRedmond's request, phoned the Pontchartrain Motor Company to the effect that Miss McRedmond had bought a car from him and that they need not concern themselves any further with the matter, whereupon the Pontchartrain Motor Company made Miss McRedmond another offer of $646.25 for her Chevrolet, the price of the Oldsmobile remaining the same or $1,397.25. Miss McRedmond, for the third time, agreed to trade cars and as Mossy would make no further concession, consummated the deal with the Pontchartrain Motor Company. *Page 280 
It is obvious that there can be no question of the breach of the contract with plaintiff by Miss McRedmond. The only question is the amount, if any, of the damages which plaintiff should recover.
The rule with respect to the recovery of damages for the breach of a contract is as follows: "Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, * * *". Art. 1934 of the Revised Civil Code.
In Gebelin v. Hamilton et al., 18 La.Ann. 646, the Supreme Court said: "To be deprived of the prospect of gain can hardly be said to be positive loss. The realization of the expected profit was to be a thing of the future; its consummation might never have taken place. The contemplated gain was contingent, and not a thing absolute and certain. * * * Many events might have occurred to lessen their profits, and even to produce loss. Where facts are shown that leave no reasonable doubt that one of the parties to a contract has really suffered loss and injury, resulting from the failure of the other to comply with his part of the obligation, the probable profit or gain, which the injured party would have derived from the contract, would be a fair measure of the damages sustained. But where, as in the present case, no reasonable grounds are shown that a real injury has been suffered, we think that damages should not be allowed."
In Schleider v. Dielman et al., 44 La.Ann. 462, 10 So. 934, 938, the Court quoted with approval from the opinion of the Supreme Court of the United States in United States v. Behan,110 U.S. 338, 4 S.Ct. 81, 28 L.Ed. 168, to the following effect: "The second item, profits, cannot always be recovered. They may be too remote and speculative in their character, and therefore incapable of that clear and direct proof which the law requires."
In Spencer v. Luckenbach Gulf S.S. Company, Inc. et al.,197 La. 652, 2 So.2d 53, 56, our Supreme Court said: "Remote and uncertain damages are not recoverable even though the contract was breached through bad faith because they cannot be attributable with any degree of certainty to the breach or whether they are connected with other causes."
It appears from the record that the particular automobile which Miss McRedmond had agreed to buy was afterwards sold by Mossy for the same price as Miss McRedmond had agreed to pay for it. Mr. Mossy testified that he was unable to say whether he had sold his entire allotment for that year or not. Of course, if he had sold all that the manufacturer would ship him, he suffered no loss. He does say, however, that he had no difficulty in getting cars and, in his opinion, if Miss McRedmond had gone forward with her sale he would have sold one more car during that year. Giving him the benefit of the doubt and assuming for the sake of argument that if the sale to Miss McRedmond had gone through he would have made one more sale, there still remains the question of whether he would have made any profit. As has been said, he was to allow Miss McRedmond $600 for her old car. The entire question of profit or loss on the transaction is involved in what he might have been able to get for Miss McRedmond's Chevrolet. Mr. Mossy, himself, testified that he could not tell what his profit on the transaction would have been until he had disposed of Miss McRedmond's car.
We are asked to consider the experience of the Pontchartrain Motor Company, which subsequently sold the Chevrolet, for that was the criterion used by the lower court to arrive at the award of $144.65.
In our opinion we cannot say that Mossy would have had the same experience as the Pontchartrain Motor Company, which, incidentally, lost $210.83 on the resale of the Chevrolet. What one person has done may not be done by another, even though the circumstances are similar. We are considering the sufficiency of evidence of loss, proof of loss with legal certainty and not conjecture or speculation as to what might have happened. We cannot say what Mossy would have made or lost on the transaction with Miss McRedmond if it had been consummated, consequently, his claim must be dismissed.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of defendant dismissing plaintiff's suit at his cost.
Reversed.