307 So.2d 818 (1975)
CARDEAN, INC., Plaintiff and Appellee,
v.
Jack Y. CANNON and Irma Josette Regard Cannon, Defendants and Appellants.
No. 4885.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
Fredric G. Hayes, Lafayette, for defendant-appellant.
Mansour & Davis by Carol J. Aymond, Alexandria, for plaintiff-appellee.
Before FRUGE, CULPEPPER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
The defendants-vendors appeal a summary judgment ordering them to specifically perform a contract to sell two tracts of land to the plaintiff-purchaser.
The substantial issue is whether the factual dispute as to the amount of the price is a genuine issue of material fact, making summary judgment inappropriate.
The facts, as shown by the pleadings, depositions, answers to interrogatories and affidavits in the record, show that on March 19, 1974 the defendants, Jack Y. *819 Cannon and Irma Josette Regard Cannon, agreed to sell, and the plaintiff, Cardean, Inc., agreed to buy two separate parcels of land in Avoyelles Parish, Louisiana. The consideration is stated to be "$800 per acre for all the cleared land and $300 per acre for all the wooded land." There was a down payment of $15,000 cash, which was to be applied against the purchase price, the balance to be paid in cash on the date of the execution of the sale.
The agreement gave the buyer 15 days to secure a legal opinion on the title, and if the title was found to be merchantable the deed was to be executed on or before the 15th day after the date of the agreement. After plaintiff satisfied itself the title was merchantable, the parties agreed to meet at the office of defendants' attorney on April 2, 1974 at 3:00 p. m. to close the sale. Plaintiff alleges its president was present at the designated time and place, ready, willing and able to complete the sale, but defendants refused to deliver title.
On April 11, 1974, the plaintiff filed the present suit for specific performance. Plaintiff prayed for a judgment ordering the defendants to convey the tracts of land to plaintiff for the price of $81,431, less the $15,000 down payment and less the outstanding balance (of $18,266.68 as of April 2, 1974) due The Equitable Life Assurance Society, within a delay to be fixed by the court, and in default of passage of said act of sale within the delay fixed, that the court adjudge petitioner to be the owner of the property upon petitioner's depositing in the registry of the court the sum of cash due.
The defendants filed an answer contending that the alleged price was incorrect because the tracts of land actually contained a greater number of acres than that specified in the description in the agreement to buy and sell, and also because there were a greater number of acres of "cleared land" than the computation by the plaintiff indicated.
Both parties filed motions for summary judgment supported by their respective answers to written interrogatories, depositions, affidavits, plats of survey and other documents. The documents filed by plaintiff support its contention generally that (1) the first tract contains 79.86 acres and is not all cleared, there being 8.65 acres which are wooded and (2) the other tract of 72.81 acres is all wooded. On the other hand, the documents filed by the defendants support their contention (1) that the 79.86-acre tract actually contains 81.6 acres and is all cleared, and (2) the 72.81-acre tract actually contains 77.34 acres, of which 60 to 65 acres is cleared.
In written reasons dictated at the conclusion of the hearing on the motions for summary judgment, the trial judge recognized that there is a factual issue as to the price, depending on the actual acreage and the amount which is cleared and the amount which is wooded. Nevertheless, the district judge held that this issue is not material to plaintiff's right to specific performance. He cited Shell Oil Company v. Texas Gas Transmission Corporation, 210 So.2d 554 (La.App. 4th Cir. 1968) for the proposition, as stated by the trial judge, that "where facts are easily determinable, like how much acreage there is here in this tract, those are facts easily determinable and it is not an issue which affects the right to specifically perform."
The Shell Oil Company case does not support this proposition. In that case the seller of natural gas filed a suit for the balance due under a contract which provided for renegotiation of the price at the end of each successive five-year period, based on the prevailing price of gas in similar quantities in Southwest Louisiana. The contract also contained an arbitration clause, which provided that if the parties were unable to agree on the price, they would appoint arbitrators whose decision would be binding, and if either party refused to appoint an arbitrator, the parties would be found by the one arbitrator *820 appointed by the party who initiated arbitration. The court held that even if the renegotiation clause was too indefinite as to price, the arbitration clause did provide a method "by which a price could be determined by third parties in future negotiations, one that could not be frustrated by any act of commission or omission of either buyer or seller."
We cannot agree that the Shell Oil Company case supports the judgment in the present matter. In the first place, Shell Oil did not involve a summary judgment. And in the second place, it did not involve specific performance. It involved primarily the legality of an arbitration clause. There is no such clause at issue in the present case.
The judgment appealed here reads in pertinent part as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that Petitioner, CARDEAN, INC., be and it is hereby awarded specific performance of the contract to buy and sell, dated March 19, 1974, between CARDEAN, INC. and JACK Y. CANON and IRMA JOSETTE REGARD CANON, as of the 19th day of March, 1974 according to the terms and conditions as set out in said agreement.
* * * * * *
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this ruling in no way determines the amount of `wooded lands' and `cleared lands', as of March 19, 1974."
We cannot agree with the district judge that the factual dispute as to the amount of the price is immaterial to plaintiff's right to specific performance. LSA-C.C. Article 2439 provides that in every contract of sale three circumstances must concur for its perfection, to wit: "The thing sold, the price and the consent." Article 2464 provides "The price of the sale must be certain, [i. e.,] fixed and determined by the parties." Article 2465 provides "The price, however, may be left to the arbitration of a third person; but if such person can not, or be unwilling to make the estimation, there exists no sale." Under these code articles, any issue as to the certainty of the price is material to the validity of a sale.
We conclude there is an issue of fact as to the price. This issue is genuine and it is also material to a determination of plaintiff's right to specific performance. LSA-C.C.P. Article 966 expressly provides that summary judgment cannot be granted where there is a "genuine issue as to material fact."
The defendants reurge their motion for summary judgment, which was denied by the district court. This issue is not properly before us on appeal. There is no signed judgment rejecting defendants' motion for summary judgment. The judgment appealed does not mention defendants' motion for summary judgment. There can be no appeal where there is no signed judgment in the record, Kleb v. Choate, 203 So.2d 422 (3rd Cir. 1967) and the authorities cited therein. Furthermore, even if there was a judgment overruling defendants' motion for summary judgment, this would not be a final judgment from which defendants would have a right of appeal. It would be an interlocutory judgment and it would not be appealable, since it would not cause irreparable injury, LSA-C.C.P. Article 2083. Therefore, the issues presented by the defendants' motion for summary judgment are not before us, and we express no opinion in regard thereto.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendants and against the plaintiff rejecting plaintiff's motion for summary judgment. *821 This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the plaintiff-appellee.
Reversed and remanded.