KLEES, Judge.
Harakh J. Dedhia (Appellant) and William Ferrell entered into a contract in which Ferrell was to perform work on certain property owned by Dedhia. Ferrell entered into a contract with James Griggs (Appellee) to perform a portion of this work, namely to erect a concrete block fence. Griggs erected the fence and demanded payment from Dedhia. Dedhia refused to make payment so Griggs placed a workman’s lien on Dedhia’s property. He then filed suit against Dedhia. Dedhia reconvened alleging the work was defective. The trial court awarded Griggs $3,400 and dismissed the reconventional demand following the recommendation and report of a commissioner before whom the case was tried. Dedhia appealed the trial court’s judgment. We affirm.
Dedhia defended the suit claiming that he paid Ferrell and that Ferrell paid Griggs and his workers. Ferrell was named in Griggs original petition and Dedhia filed a third party demand against Ferrell. Ferrell’s whereabouts were unknown at the time of the filing and at trial. The third party demand against Ferrell was dismissed and since the judgment rendered by the trial judge was against Dedhia and Ferrell in solido, a default was entered against Ferrell.
Griggs admitted that he received $1,000 which was paid to him by Dedhia through Ferrell. He also admitted that he received an additional $650 from Dedhia for tearing down the old fence and clearing the land prior to beginning construction on the concrete fence. He claims he received no other money from Dedhia.
Dedhia claimed that he paid Ferrell at various stages of constructing the fence and that Ferrell paid Griggs and his workers. To support this contention he introduced four cancelled checks payable to Ferrell, one cancelled check payable to Ferrell and Griggs, and one unprocessed check payable to Ferrell and Griggs. Dedhia testified that Griggs told him that he had difficulty in cashing checks payable to himself and Ferrell and requested that future checks be payable to Ferrell only. He also introduced two documents purporting to be receipts for such payment. Dedhia further testified that he never paid Griggs alone and had paid Griggs and Ferrell together but could not remember what he paid them for.
The commissioner found that Griggs was paid $1,000.00 for his work in laying the blocks and that he substantially performed this work. These findings are supported by the record. The final award of $3,400.00 is likewise supported by the record in that defendant’s expert testified that 3300 blocks had been laid in the fence and he did not know how many blocks were laid for the shed. Plaintiff, whose testimony of this point was accepted by the commissioner, testified his contract was for payment of $1.25 per block. This means he was due $4,125.00 just for the fence. While the record is not clear as to the number of blocks in the shed there were at least 220 which at $1.25 per block would warrant recovery of an additional $275.00. Thus the record supports the commission *369 er’s report that plaintiff was entitled to at least $4,400.00 less the $1,000.00 paid which is the amount of the judgment appealed from. None of defendant’s calculations as to the number of blocks in the fence can change the testimony of his own expert which supports the amount of the judgment.
Most of defendant’s evidence was designed to cast doubt on plaintiff’s business practices in paying those who worked for him. Plaintiff established to the commissioner’s satisfaction that his contract was for payment at $1.25 per block. How much he paid to others to do the work was irrelevant.
The record also supports the commissioner’s findings that plaintiff’s entitlement to his contract price for the laying the blocks was not affected by payments to him for other work he did for defendant or for payments for Farrel, the general contractor, for the work he did the scope of which was much broader than plaintiff’s and the contract price for which was $20,000.00.
The issue on appeal is whether the judgment in favor of appellee Griggs and against appellant Dedhia is manifestly erroneous.
Dedhia argues that he was denied the right to properly cross-examine the appellant under “the Act.” He is referring to Louisiana Code of Civil Procedure article 1634 which reads as follows:
Any party or his representative may be called as a witness and cross-examined by the adverse party without the latter vouching for his credibility, or being precluded from impeaching his testimony, and immediately thereafter the witness thus called may be examined or cross-examined to the extent otherwise permitted by law upon the subject matter of his examination in chief by such adverse party. The court may permit the recall and further cross-examination of the party or of his representative as often as it deems such action to be in the interest of justice.
The article gives the trial judge the discretion to limit the scope of cross-examination of a party by an adverse party and permits the party to be recalled and further cross-examined.
In the instant case, Griggs was cross-examined by Dedhia’s counsel immediately after being examined by his own counsel. When Dedhia presented his case, he asked the trial judge to allow him to recall Griggs. The trial judge allowed him to do so but limited the scope of the cross-examination to things which had not been covered when Griggs was previsously on the stand. Dedhia’s counsel repeatedly ignored this limitation and had to be reminded of the limitation by the Court. Dedhia now argues that he was not able to question Griggs regarding the testimony of witnesses who testified following Griggs during plaintiff’s case in chief. Dedhia’s counsel could have questioned Griggs regarding the testimony of these witnesses since this was not covered the first time Griggs was on the stand, however he made no attempt to do so. We are unable to find that the trial court abused its discretion in limiting the scope of this cross-examination.
Dedhia further argues that the trial judge applied the law of liens improperly to this law suit. He claims that in awarding a judgment the trial judge should have only taken into account the amount of the lien. That is exactly what the trial court did. While the suit sought an amount greater than the amount of the lien, the trial testimony taking into account the amounts purportedly paid Griggs indicated that the amount of the lien was substantially correct. The lien was for $3,400 and the judgment is for that amount. We conclude that there is no error in this ruling.
Dedhia’s next assignment of error claims that the trial court erred in denying his Motion for Summary Judgment. This is not an issue properly before this Court since it is not a final judgment from which the defendant would have a right of appeal. C.C.P. art. 968. Cardean, Inc. v. Cannon, 307 So.2d 818 (La.App. 3rd Cir.1975), after *370 remand, 342 So.2d 710 (La.App. 3rd Cir. 1977).
 Dedhia’s final assignment of error claims that certain evidence was improperly excluded by the trial court. During the trial Dedhia attempted to introduce a list of names of workers and amounts paid them purported to be compiled by Ded-hia. An objection was made to the introduction of this evidence because there was no indication as to where the information used to compile this document was obtained. The trial court properly sustained this objection. Dedhia then wanted to introduce a report written by his expert. As this ejxpert testified at trial the document was properly excluded from evidence under the best evidence rule. The third piece of evidence excluded by the trial court was the entire file of another law suit between William Ferrell and two of the appellant’s witnesses. The trial court concluded that it was irrelevant and immaterial and we find no error in his ruling.
Accordingly, the judgment of the trial court is affirmed. All costs of this appeal to be borne by Appellant.
AFFIRMED.